**FENG LIN, also known as Liu Feng, also known as Lin Feng, Petitioner,**

**v.**

Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.

No. 05–5817–ag.

United States Court of Appeals,
Second Circuit.

Sept. 27, 2007.

Robert J. Adinolfi, Louis & Adinolfi, New York, NY, for Petitioner.

John C. Richter, United States Attorney for the Western District of Oklahoma, Eleanor Darden Thompson, Assistant United States Attorney, Oklahoma City, OK, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. CHESTER J. STRAUB and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Feng Lin, a citizen of the People's Republic of China, seeks review of an October 17, 2005 order of the BIA affirming the July 15, 2004 decision of Immigration Judge ("IJ") Barbara A. Nelson denying Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Feng Lin,* No. 683 161 (B.I.A. Oct. 17, 2005), *aff'g* No. A79 683 161 (Immig. Ct. N.Y. City Jul. 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Cir.2004), *overruled in part on other-grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007) (en banc). However, we will vacate and remand for new findings if the agency's reasoning or fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

Upon our review of the record, we conclude that the IJ's denial of Lin's asylum application on the basis of an adverse credibility finding is supported by substantial evidence. As an initial matter, the IJ observed that Lin "was extremely hesitant and unresponsive and evasive in answering questions both during direct examination and cross-examination." As a fact-finder who assesses testimony together with demeanor, the IJ is in the best position to discern whether the witness is truthful, and, thus, the IJ's assessment of Lin's demeanor properly informed its adverse credibility finding. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005); *Zhou Yun Zhang*, 386 F.3d at 73–74.

The IJ also reasonably relied on inconsistencies in the record regarding Lin's wife's second pregnancy and her alleged abortion. Indeed, Lin gave varying accounts of his wife's second pregnancy, alternately testifying that she became pregnant in October 1998 and December 1998, and then claiming that she was five months pregnant in December 1998. With respect to her alleged abortion, Lin testified to two separate dates on which she was allegedly discovered by family planning officials. Moreover, although Lin was given the opportunity to explain these inconsistencies, his explanations were not such that a reasonable fact-finder would be compelled to credit them. *See Majidi*, 430 F.3d at 81. Because these inconsistencies

involved the crux of Lin's claim that he was persecuted on account of his violation of the family planning policy, they substantiate the IJ's adverse credibility finding. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003).

Likewise, to the extent that Lin provided no corroborating evidence of his wife's alleged forced abortion, he was unable to rehabilitate his testimony which had been called into question. *See Zhou Yun Zhang*, 386 F.3d at 78.

Because Lin was unable to show the objective likelihood of persecution needed to establish a claim for asylum, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

Lastly, because Lin failed to exhaust his administrative remedies by challenging the denial of his CAT claim before the BIA, we lack jurisdiction to review that claim and dismiss the petition for review to that extent. *See* 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DENIED as moot.